OPINION
{¶ 1} Defendant, Eric Olinger, was convicted of the offenses of domestic violence, R.C. 2919.25(A), and violation of a protective order, R.C. 2919.27(A)(1), on guilty verdicts returned by a jury at the conclusion of his trial, and was sentenced pursuant to law. Defendant filed a timely notice of *Page 2 
appeal from his conviction and sentence.
FIRST ASSIGNMENT OF ERROR
 {¶ 2} "THE TRIAL COURT ERRED BY REFUSING TO ADMIT NINE-ONE-ONE (911) CALL BY DEFENDANT'S FAMILY IN VIOLATION OF OHIO RULES OF EVIDENCE 401 AND 402, AND THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION."
 {¶ 3} The offenses of which Defendant was convicted arose from events that occurred on May 2 and 19, 2007. The victim of both offenses was Markita Brown, by whom Defendant has fathered two children.
 {¶ 4} On May 2, 2007, Brown came to the home of Defendant's parents to pick up clothing they had purchased for her children's use. Defendant was there when Brown arrived. The two argued, and Defendant swung a plastic bag containing the clothing at Brown, striking and scratching Brown's face. Defendant also kicked Brown's knee. On May 10, 2007, Defendant was arrested on a charge of domestic violence and taken to jail.
 {¶ 5} Defendant was released from jail on May 18, 2007, subject to a protection order prohibiting Defendant from being near Brown. Defendant immediately went to a park where he confronted Brown and threatened to kill her. Brown called police, and Defendant was again arrested and taken to jail. *Page 3 
 {¶ 6} Brown testified to the above events at Defendant's trial. Defendant's father was called by Defendant as a witness. Defendant elicited testimony from his father that he called 911 to complain of harassing telephone calls Brown allegedly made concerning the clothing for her children that Brown wanted Defendant's parents to give her. Defendant then asked to play a tape purporting to be a recording of the call to 911. The court sustained the State's objection to that inquiry, finding that evidence of the 911 calls was irrelevant to the criminal charges against Defendant. We believe the trial court erred in its ruling.
 {¶ 7} "`Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid. R. 401.
 {¶ 8} "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by the Constitution of the State of Ohio, by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio, by these rules, or by other rules prescribed by the Supreme Court of Ohio. Evidence which is not relevant is not admissible." Evid. R. 402.
 {¶ 9} The credibility of every witness who testifies in an *Page 4 
action is a fact that is of consequence to the determination of the action, and extrinsic evidence of a witness's bias or a motive to lie, that is, evidence "extrinsic" to the examination of the witness, is admissible to impeach a witness's credibility. Evid. R. 616(A). In his comment to Evid. R. 616(A), Weissenberger writes: "The exposure of potential bias or interest has always been considered highly relevant, and courts have been reluctant to hamper counsel's use of this impeachment technique." Weissenberger's Ohio Evidence Treatise (2007 Ed.), § 616.3. Defendant argues that the trial court erred, because the evidence of the 911 call that he attempted to elicit from his father and that the court excluded was relevant to prove that Brown "had a motive to lie and was retaliating against the defendant and his family for not providing her with the (children's clothing) she requested." (Brief, p. 7).
 {¶ 10} Defendant's father testified that Brown telephoned to demand the children's clothing he and his wife had purchased. Defendant's father responded that "nothing in this house belongs to you and we will keep what's inside this house." (T. 516.) Brown then threatened to come there with police assistance, and Defendant's father hung up. When asked what he next did, Defendant's father stated: ". . . I sat *Page 5 
there and I thought about it and said well it's not right so I called the police department and I asked them would they please send a car out because I'm tired of being harassed and I'm, I need to find out what to do to get this to stop." (T. 517). However, when two officers arrived some time later, they instead arrested Defendant.
 {¶ 11} Defendant's father was competent to identify and authenticate a recording made of his own voice. Evid. R. 901(B)(5). The recording and its contents were admissible to prove that Defendant's father called 911, as he had testified, as well as his state of mind when he made the call and any specific complaints he made. However, those matters fail to add in any material way to his testimony concerning Brown's conduct that day, relative to the issue of Brown's motive to lie. And, Defendant does not argue how the recording would have cast more or a better light on that question. Neither has he preserved the tape for our review in making such a determination. Therefore, on this record, we cannot find that the court's error affected Defendant's substantial rights, and for that reason must find that the error was harmless. Crim. R. 52(A).
 {¶ 12} The first assignment of error is overruled. *Page 6 
 SECOND ASSIGNMENT OF ERROR
 {¶ 13} "THE DEFENDANT'S RIGHT TO COUNSEL UNDER THE SIXTH AMENDMENT OF THE CONSTITUTION, AS INCORPORATED TO THE STATES VIA THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT, WAS VIOLATED BY INEFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 14} This assignment of error is posited on a defendant's constitutional right to the effective assistance of counsel in criminal proceedings. Strickland v. Washington (1984), 466 U.S. 668,102 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136. However, Defendant's appellate counsel has not identified any defect in trial counsel's representation, and states that "[t]he undersigned counsel finds this Assignment of Error to be wholly frivolous." (Brief, p. 8). Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493, authorizes counsel to represent that no "non-frivolous error" can be found. Anders does not hold that frivolous error may be assigned. Neither does Penson v. Ohio (1988), 488 U.S. 75,109 S.Ct. 346, 102 L.Ed.2d 3 00, hold that frivolous error is subject to our review if it is assigned.
 {¶ 15} The second assignment of error is overruled. The judgment of the trial court will be affirmed. *Page 7 
 FAIN, J. And DONOVAN, J., concur. *Page 1