OPINION
{¶ 1} Defendant, Clarence Ridley, shot his brother twice in the legs during the early morning hours of October 19, 2007. The *Page 2 
shooting occurred at a home in Dayton the two men shared with their mother. Defendant called 911 to report the shooting. When he was arrested, Defendant told officers that he was "sick of his brother being loud and drunk all the time."
 {¶ 2} Defendant was indicted on two counts of felonious assault, causing serious physical harm in violation of R.C. 2903.11(A)(1), and causing physical harm by means of a deadly weapon in violation of R.C. 2903.11(A)(2). Three-year firearm specifications were attached to each charge. R.C. 2941.145.
 {¶ 3} Defendant testified at his jury trial that he was defending his home and his family and that he shot at a shadowy figure whom he mistakenly believed was a burglar but turned out to be his brother. The jury found Defendant guilty of both charges and the trial court sentenced Defendant to concurrent five year prison terms on each count of felonious assault, plus one consecutive three year term for the merged firearm specifications, for a total sentence of eight years.
 {¶ 4} Defendant appealed to this court from his conviction and sentence. Defendant's appellate counsel filed a brief pursuant toAnders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,19 L.Ed.2d 493, stating that he can find no meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations and afforded him time to file a pro se brief, which he has done. This case is now ready for a *Page 3 
decision on the merits of Defendant's claims.
 {¶ 5} Defendant's appellate counsel has presented one possible issue for appeal as follows:
ASSIGNMENT OF ERROR
 {¶ 6} "THE TRIAL COURT ERRED IN FINDING DEFENDANT GUILTY AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 7} Defendant's appellate counsel does not suggest that Defendant's convictions are against the manifest weight of the evidence. Counsel instead states: "the undersigned counsel has thoroughly reviewed the record and finds there is no merit to this Assignment of Error," and "the undersigned counsel finds this Assignment of Error to be wholly frivolous, . . ." (Brief at p. 6).
 {¶ 8} In State v. Olinger, Montgomery App. Nos. 22399, 22400,2008-Ohio-4929 at ¶ 14, we wrote:
 {¶ 9} " Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493, authorizes counsel to represent that no `non-frivolous error' can be found. Anders does not hold that frivolous error may be assigned. Neither does Penson v. Ohio (1988), 488 U.S. 75,109 S.Ct. 346, 102 L.Ed.2d 300, hold that frivolous error is subject to our review if it is assigned."
 {¶ 10} This assignment of error is overruled.
 {¶ 11} Defendant presents the following assignments of error in his pro se brief: *Page 4 
 {¶ 12} "CLAIM NO. 1: THE INADEQUATE REPRESENTATION THAT APPELLANT RECEIVED AT TRIAL FELL BELOW AN OBJECTIVE REASONABLE STANDARD AND DENIED APPELLANT THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS PROVIDED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES AND ARTICLE ONE, SECTION TEN AND SIXTEEN TO THE CONSTITUTION OF THE STATE OF OHIO."
 {¶ 13} "CLAIM NO. 2: APPELLANT WAS DENIED HIS RIGHTS TO THE FOURTH AMENDMENT WHICH GUARANTEES EVERY CITIZEN THE RIGHT TO PROTECT HIS HOME AND PERSONS."
 {¶ 14} Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must demonstrate that were it not for counsel's errors, the result of the trial would have been different. Id., State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 15} The State's evidence at trial showed that Defendant and his brother argued after Defendant was awakened from his sleep by loud noises his brother made, and that the argument led to Defendant's conduct in shooting his brother. Defendant's claim that he shot his brother by mistake because he believed him to be *Page 5 
an intruder presents the defense of mistake. "Mistake of fact is a defense if the mistake negates a mental state required for the crime." Baldwin's Ohio Practice, Criminal Law (Second Ed.), § 91.9. The crime of felonious assault with which Defendant was charged and convicted requires a finding that he acted "knowingly." R.C. 2903.11(A)(2).
 {¶ 16} Defendant testified concerning his alleged mistaken belief. The court instructed the jury that a person is permitted to act in defense of his home. Defendant's attorney outlined his defense of mistake in her opening statement and closing argument. Defendant's attorney did not fail in her duty to present and support his defense, and therefore her performance did not fall below an objective standard of reasonable representation. Strickland.
 {¶ 17} It is clear from the jury's guilty verdicts that they chose to reject Defendant's claim and instead to believe the State's evidence that Defendant knowingly shot his brother. State v. DeHass (1967), 10 Ohio St.2d 230. Defendant's brother testified at trial that he was arguing with Defendant about making noise when Defendant suddenly pulled out a small pistol and shot him twice in the legs. Defendant then yelled, "don't f — k with me."
 {¶ 18} Defendant did not say during his 911 call or to the officers when they arrived and arrested him that the shooting was *Page 6 
an accident or that he mistakenly believed he had shot a burglar or intruder. The fact that the jury found the State's version of the events more credible than Defendant's version does not demonstrate deficient performance by defense counsel or a violation of Defendant's constitutional rights.
 {¶ 19} Defendant's first and second assignments of error are overruled.
 {¶ 20} "CLAIM NO. 3: Appellant asserts that he was denied his rights to a fast and speedy trial."
 {¶ 21} Defendant argues that his speedy trial rights were violated because he was not afforded a preliminary hearing within five days after his arrest, and therefore he is entitled to a dismissal of the charges pursuant to R.C. 2945.73(A).
 {¶ 22} Defendant's argument is based upon a former version of R.C. 2945.71(C)(1) and (E). The current version of R.C. 2945.71, which was in effect at the time Defendant committed these offenses, provides in relevant part:
 {¶ 23} "(C) A person against whom a charge of felony is pending:
 {¶ 24} "(1) Notwithstanding any provisions to the contrary in Criminal Rule 5(B), shall be accorded a preliminary hearing within fifteen consecutive days after the person's arrest if the accused is not held in jail in lieu of bail on the pending charge or within ten consecutive days after the person's arrest if the *Page 7 
accused is held in jail in lieu of bail on the pending charge;
 {¶ 25} "* * *
 {¶ 26} "(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. This division does not apply for purposes of computing time under division (C)(1) of this section." (Emphasis supplied).
 {¶ 27} Defendant concedes in his brief that he was arrested on October 19, 2007, and that his preliminary hearing was held on October 29, 2007. Accordingly, Defendant was properly afforded a preliminary hearing within ten consecutive days after his arrest. R.C. 2945.71(C)(1). The triple count provision in R.C. 2945.71(E), by its express terms, does not apply for purposes of computing time under R.C. 2945.71(C)(1). Defendant's speedy trial rights were not violated.
 {¶ 28} Defendant's third assignment of error is overruled.
 {¶ 29} In addition to reviewing the possible issues for appeal raised by Defendant, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit.Penson v. Ohio (1988), 488 U.S.75, 109 S.Ct. 346, 102 L.Ed.2d 300. Accordingly, the judgment of the trial court will be affirmed. *Page 8 
FAIN, J. And FROELICH, J., concur. *Page 1